**In the Matter of Richard R. MURPHY**

No. 98S00–0404–DI–182.

Supreme Court of Indiana.

June 25, 2004.

———

## ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on April 21, 2004, advising that the respondent, Richard R. Murphy, was disciplined by the California Supreme Court and requesting, pursuant to Ind. Admission and Discipline Rule 23(28), that identical reciprocal discipline be imposed in this state. On April 28, 2004, this Court issued an *Order to Show Cause,* to which the respondent filed a response on May 21, 2004. This case is now before us for final resolution.

We now find that respondent was admitted to practice law in Indiana in 1953. The respondent was involuntarily enrolled as an inactive member of the California State Bar on September 22, 2002. Respondent was charged in California with 35 counts of misconduct. The violations included being held in contempt of court for violating court orders on six occasions; providing ineffective assistance of counsel in several criminal matters; maintaining an unjust lawsuit; maintaining an unwarranted claim or defense; failing to return unearned fees; violating client confidences; engaging in an improper business transaction with a client; failing to communicate with a client; threatening a client with criminal charges to gain an advantage in a civil action; failing to pay a $25,000 debt to a client; failing on five occasions to report court sanctions or reversals of judgments based on misconduct or incompetence to the State Bar; and committing multiple acts of moral turpitude. On July 23, 2003, the California State Bar Court found against respondent on twenty-five of the counts and recommended that respondent be disbarred. On April 14, 2004, the California Supreme Court disbarred respondent. *In re Richard Ralph Murphy,* S120485, 2004 WL 1197061 (Cal. 2004). Pursuant to Rule 662(b) of the Rules of Procedure of the State Bar of California, an attorney who has been disbarred is ineligible to seek reinstatement of his law license in California for a period of at least five (5) years.

We find further that, pursuant to Ad-

mis.Disc.R. 23(28)(c),[1] the respondent has failed to demonstrate why reciprocal discipline should not issue in this state.

IT IS, THEREFORE, ORDERED that the respondent, Richard R. Murphy, is hereby suspended from the practice of law in this state. The respondent shall not be eligible to petition for reinstatement in this state pursuant to Admis.Disc.R. 23(4) until reinstated to the practice of law in California or upon further order of this Court.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the United States District Courts in this state, to the clerks of the United States Bankruptcy Courts in this state, to the Supreme Court of California, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.

1. Ind. Admission and Discipline Rule 23(28)(c) provides:

   (c) Upon the expiration of thirty (30) days from service of the order [order to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

   (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

   (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;

   (3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

   (4) The misconduct established warrants substantially different discipline in this state.

   If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

   (d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.